IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş<br><br>Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti,<br><br> Plaintiffs,<br><br>vs.<br><br>M/V ARICA, IMO 9399741, its engines, tackle and apparel,<br><br> Defendant *in rem*,<br><br>and<br><br>FS Arica, Ltd.,<br><br> Defendant *in personam*,<br><br>and<br><br>The Master of the M/V ARICA,<br><br> Garnishee. | CIVIL ACTION NO.:<br><br>IN ADMIRALTY, Rule 9(h) |

**ATLAS' VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF WARRANT OF ARREST AND WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

Atlas Uluslararasi Kumanyacılık tic A.Ş ("Atlas UK") and Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti ("Atlas GV")(collectively, "Atlas") bring this action pursuant to Supplemental C for Certain Admiralty and Maritime Claims against defendant M/V ARICA, IMO 9399741, its engines, tackle and apparel ("Vessel"), *in rem*, and against FS Arica, Ltd. ("FS Arica") *in personam*, and against the Master of the Vessel *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims for Atlas' claims in rem against the Vessel and *in personam* against FS Arica and state as follows:

26520375.1

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Vessel is located in this District, and the Vessel is defendant FS Arica's property, and the garnishee, within the meaning of Supplemental Rule B is located, can be found, and/or can be served with process in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

4. Atlas are ship supply companies located in and organized under laws of Turkey.

5. FS Arica is a company organized under laws of Liberia and is the owner of the Vessel, an ocean-going containerized vessel.

**Facts**

6. FS Arica, through the Vessel's manager, Columbia Shipmanagement, ordered ship supplies including wires, cables, and other similar maritime necessaries from Atlas UK, and marine valves from Atlas GV for Atlas' provision to the Vessel.  Atlas provided these maritime necessaries to the Vessel in October and November, 2019 in the following total amounts:  from Atlas UK, $73,692.59, Atlas GV, $1,359, and invoiced FS Arica for these amounts through Columbia Shipmanagement, with 60 day terms.

7. Each sale was subject to Atlas' sales terms and conditions, which provide in pertinent part as follows:

> If payment is not made within the stipulated period the Purchaser shall pay the Vendor interest on all overdue or unpaid sums at a rate of 1.5% per month or part thereof, or the equivalent to the commercial prime lending rate customarily charged at the time by the

26520375.1

Vendor's bank in the Vendor's country, whichever may be the higher. Interest shall be calculated from the due date until actual date of payment.

\* \* \*

The Vendor shall be entitled to recover from the Purchaser any and all costs and/or expenses which may be incurred by the Vendor in recovering or seeking to recover from the Purchaser any overdue or unpaid sums whether or not formal legal steps (including but not limited to the arrest of a Vessel) have been undertaken. Such costs include both internal costs and costs and expenses incurred to external advisers, lawyers or debt collectors instructed for such purpose. Such costs shall be payable by the Purchaser to the Vendor upon demand on a full indemnity basis and may be included in the claim for which a Vessel is arrested.

\* \* \*

MARITIME LIEN

15. Goods are sold and delivered on the credit of the Vessel supplied, as well as the credit of the Purchaser, and the Purchaser agrees and warrants on behalf of the Vessel and its owner that the Vendor shall have and may assert and maritime lien against the Vessel supplied in accordance with the laws of the Southern District of California, USA.

8.      Despite repeated demand, FS Arica has failed to pay Atlas' invoices for the maritime necessaries which Atlas provided to the Vessel on the order of FS Arica.

## Count I – Breach of Maritime Contract

9.      Atlas incorporates the above paragraphs as if fully set forth herein.

10.     FS Arica has breached its maritime contract with Atlas as set out above.  Atlas therefore demand judgment, as set out more fully below.

## Count II – Arrest of Vessel

11.     Atlas incorporates the above paragraphs as if fully set forth herein.

12.     FS Arica has breached its maritime contract with Atlas as set out above.  Atlas therefore demand judgment, as set out more fully below.

## Count II – Maritime Lien In Rem Against the Vessel and Proceeds

13.     Atlas incorporates the above paragraphs as if fully set forth herein.

26520375.1

14. Atlas as a consequence of maritime necessaries to the Vessel on the order of the Vessel's owner, FS Arica, holds maritime liens *in rem* against the Vessel and proceeds. Atlas therefore demands judgment against the Vessel and proceeds, as set out more fully below.

### Count III: Maritime Attachment and Garnishment (Rule B)

15. Atlas incorporates the above paragraphs as if fully set forth herein.

16. FS Arica has breached its maritime contracts with Atlas as set out above. Atlas therefore demands judgment, as set out more fully below.

17. Atlas requests this Court pursuant to Supplemental Rule B to have its claims attach to amounts reached by the maritime garnishment and attachment writ, served on the Garnishee.

18. No security for the claims has been posted by FS Arica or anyone acting on its behalf to date.

19. FS Arica cannot be found within this District within the meaning of Rule B, but has during the pendency of this action, property and/or assets in this jurisdiction consisting of the Vessel, its bunkers, all property of FS Arica aboard the Vessel, and proceeds.

### Prayer for Relief

WHEREFORE, Atlas prays:

A. That in response to Count I, this Court enter judgment against FS Arica for Atlas UK, $73,692.59, Atlas GV, $1,359, and contractual interest plus further amounts for attorneys' fees of at least $25,000;

B. In response to Count II, that this Court order that the *in rem* claims against the Vessel of Atlas proceed against the Vessel, *in rem*, and that on judgment Atlas' maritime lien

claims *in rem* be paid from the proceeds, in the amount of at least for Atlas UK, $73,692.59, Atlas GV, $1,359, and maritime prejudgment interest and costs;

  C. That in response to Count III, since Defendant cannot be found within this District pursuant to Supplemental Rule B, that this Court order that the maritime attachment and garnishment claims of Atlas pursuant to Rule B, continue on the amounts garnished and attached for at least the amount demanded herein to secure Atlas' claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

  D. That this Court award Atlas such other and further relief that this Court deems just and proper.

            YOUNG CONAWAY STARGATT & TAYLOR LLP

            */s/ Timothy Jay Houseal*
            _____
            Timothy Jay Houseal (Del. Bar ID No. 2880)
            Rodney Square
            1000 North King Street
            Wilmington, DE 19801
            (302) 571-6682
            thouseal@ycst.com
            *Attorneys for Atlas Uluslararasi Kumanyacılık tic A.Ş and Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti,*

**OF COUNSEL**
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Dated:  May 19, 2020

26520375.1

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, of counsel to Atlas.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Atlas made available to me by Atlas. Authorized officers of Atlas are not readily available in this District to make verifications on Atlas' behalf.  I am authorized to make this verification on Atlas' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for FS Arica in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2020.

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel:  410-783-5795
Email: jssimms@simmsshowers.com

26520375.1