IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş<br>Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti,<br>    Plaintiffs,<br><br>vs.<br><br>M/V ARICA, IMO 9399741, its engines, tackle and apparel,<br>    Defendant in rem,<br><br>and<br><br>FS Arica, Ltd.,<br>    Defendant in personam,<br><br>and<br><br>The Master of the M/V ARICA,<br>    Garnishee.<br><br>Deutsche Calpam GmbH,<br>    Intervenor Plaintiff,<br><br>vs.<br><br>FS Arica, Ltd.,<br>    Defendant,<br><br>and<br><br>The Master of the M/V ARICA,<br>    Garnishee. | Case No. 1:20-cv-679-UNA |

**MOTION FOR ORDER AUTHORIZING INTERVENTION AS OF RIGHT, ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, AND ALTERNATIVE SERVICE**

Proposed Intervenor-Plaintiff Deutsche Calpam GmbH ("Calpam"), by its attorneys Palmer Biezup & Henderson LLP, respectfully moves for an order authorizing (1) intervention as of right under Fed. R. Civ. P. 24(a)(2); (2) issuance of process of maritime attachment and garnishment under Fed. R. Civ. P. Supp. B(1)(b); and (3) alternative service due to the U.S. Marshal's unavailability.

**I. Calpam is entitled to intervene as of right.**

The existing plaintiffs—Atlas Uluslararasi Kumanyacılık tic A.Ş and Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti—filed this action on May 19, 2020, and, after presentation of the papers to the Duty Judge, obtained expedited issuance of admiralty process directed to the M/V ARICA. (D.I. 8–12). The existing plaintiffs effected service as to the M/V ARICA on May 20, 2020, by electronically serving the vessel's husbanding agent. (D.I. 14). The vessel is currently anchored at Big Stone Beach Anchorage in the lower Delaware Bay.

As set forth in Calpam's proposed Intervenor Complaint, Defendant FS Arica, Ltd. ("FS Arica") has breached a contract for the delivery of fuel to the M/V ARICA. To secure its claim, Calpam seeks to attach the M/V ARICA as provided by Fed. R. Civ. P. Supp. B.

"On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The existing plaintiffs are seeking, among other things, to have the M/V ARICA sold to satisfy their claims. (D.I. 1, at 4, Prayer for Relief). A judicial sale of the M/V ARICA would frustrate Calpam's right to obtain the security to which it is entitled under Rule B. The existing plaintiffs

are not in a position to protect Calpam's interest relating to the vessel, since their only objective is to satisfy their own claims. The vessel is already in judicial custody as of the time of this filing, and the most efficient and straightforward course is for Calpam to intervene in the pending action rather than starting a completely new action. *See, e.g.*, *Submarines Hawaii Ltd. P'ship v. Kandoo Island*, 2010 WL 4176658, at *2 (D. Haw. Oct. 19, 2010) (allowing creditor to intervene where the vessel was already under arrest by a different creditor); *Bordelon Marine, Inc. v. F/V KENNY BOY*, 2011 WL 290827, at *4 (E.D. La. Jan. 25, 2011) (same).

Counsel for the existing plaintiffs has been consulted and does not object to Calpam's proposed intervention.

## II. The Court should issue Rule B process.

Fed. R. Civ. P. Supp. B "governs the process by which a party may attach a defendant's tangible or intangible personal property—up to the amount sued for—in the hands of named garnishees." *Cargo-Levant Schiffahrtsgesellschaft MbH v. PSL Ltd.*, 2014 U.S. Dist. LEXIS 74540, at *15 (D. Del. May 30, 2014) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 438 (2d Cir. 2006), abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)). A district court has the power under Fed. R. Civ. P. Supp. B to issue an order of maritime attachment and garnishment if the plaintiff can show: "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli*, 460 F.3d at 445. If a plaintiff files "the type of verified complaint and affidavit described in Rule B(1)(a) and Rule B(1)(b)," then the district court "must enter an order authorizing the attachment, which the

plaintiff may then serve on any person in possession of the defendant's property (i.e., a garnishee) who is located within the district." *Cargo-Levant*, 2014 U.S. Dist. LEXIS 74540, at *15.

**A. Calpam has stated a prima facie claim in admiralty.**

As set forth in the proposed Intervenor Complaint, Calpam's claim arises out of the breach of a maritime contract, namely a contract for the delivery of fuel to the M/V ARICA. Defendant FS Arica breached the contract by failing to pay for the fuel that was delivered to the vessel.

Whenever a plaintiff has an *in personam* claim cognizable in admiralty under 28 U.S.C. § 1333, recourse to maritime attachment under Rule B is available. *See Winter Storm Shipping, Ltd. v. Tpi*, 310 F.3d 263, 268 (2d Cir. 2002), abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Here, the claim Calpam asserts is cognizable in admiralty inasmuch as it arises from a vessel owner's breach of a fuel-delivery contract, which is a maritime contract. *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991). Having stated a prima facie claim cognizable in admiralty, Calpam has met the first condition for the issuance of process of maritime attachment and garnishment.

**B. FS Arica cannot be "found" within the District for purposes of Rule B.**

The remedy of maritime attachment and garnishment exists because "it is often more difficult to obtain jurisdiction over parties to a maritime dispute than parties to a traditional civil action. Maritime parties are itinerant, their assets transitory." *STX PanOcean (UK) Co. Ltd. v. Glory Wealth Shipping Pte. Ltd.*, 560 F.3d 127, 130 (2d Cir. 2006) (citing *In re Louisville Underwriters*, 134 U.S. 488, 493 (1890)). Due to the mobile nature of such parties and their assets, "the traditional policy underlying maritime attachment has been to permit the attachment

of assets wherever they can be found, thereby obviating the need for a plaintiff to 'scour the globe' to find a proper forum for suit, or property of the defendant sufficient to satisfy a judgment." *Id.* (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006)). This feature of admiralty jurisprudence empowering a court to grant attachments "is an inherent component of the admiralty jurisdiction given to the federal courts under Article III of the Constitution." *Aqua Stoli*, 460 F.3d at 437. An admiralty court's authority to issue a maritime attachment, however, "is a feature of admiralty jurisprudence that antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation of the first Supreme Court Admiralty Rules in 1844." *Id.* (citing *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 47 (2d Cir. 1996)); *see also Transportes Navieros v. Fairmount Heavy Transport*, 572 F.3d 96, 100 (2d Cir. 2009). "The use of the process of attachment in civil causes of maritime jurisdiction by courts of admiralty . . . has prevailed during a period extending as far back as the authentic history of those tribunals can be traced." *Aurora Maritime*, 85 F.3d at 47-48 (quoting *Atkins v. The Disintegrating Co.*, 85 U.S. (18 Wall.) 272, 303 (1873)).

In addition to stating a claim in admiralty arising from the breach of a maritime contract, a plaintiff must also show that "the defendant cannot be found within the district." Fed. R. Civ. P. Supp. B(1)(b). Here, Calpam satisfies this second element because, to Calpam's knowledge, none of FS Arica's corporate officers are now within the District of Delaware, FS Arica does not maintain offices or telephone listings in the District of Delaware, and FS Arica is not incorporated or registered to do business in the District of Delaware. *See* Verification to Complaint.

The courts have long applied a two-prong test when determining whether a defendant is "found" in the district: "a defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed. A defendant is present in the district if 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process." *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268 (5th Cir. 1998); *see also Seawind Compania, S.A. v. Crescent Line, Inc.*, 320 F.2d 580 (2d Cir. 1963). The verification/declaration accompanying the proposed Intervenor Complaint is sufficient to establish FS Arica cannot be found within the District of Delaware. *See ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 434 (2d Cir. 2000) ("Although a plaintiff seeking attachment must supply, along with its verified complaint, an affidavit stating that defendant cannot be found within the district, little else is required and there need only be a hearing after the attachment is served"). Accordingly, Calpam has met the second condition under Rule B for an order authorizing the issuance of the process of maritime attachment and garnishment. A search for FS Arica in this district failed to produce any evidence that FS Arica can be found in the district. Thus, the second condition for the issuance of process of maritime attachment and garnishment is met.

**C. FS Arica has property within the District.**

The third requirement for the issuance of process of maritime attachment and garnishment under Rule B is that "the defendant's property may be found within the district...." *Aqua Stoli*, 460 F.3d at 445. FS Arica is the registered owner of the M/V ARICA, which is now anchored at Big Stone Beach Anchorage in the lower Delaware Bay, within the District of Delaware. Accordingly, the third condition for an order authorizing the issuance of process of maritime attachment and garnishment is met here.

### D. There is no statutory or maritime-law bar to attachment.

As for the final requirement, there is no statutory or maritime-law bar to the requested attachment. Thus, the Court should order the attachment.

### III. The Court should authorize alternative service since the U.S. Marshal is not available to serve process.

The U.S. Marshals Service has indicated that deputies are not currently available to serve admiralty process due to the Covid-19 pandemic. Despite the current circumstances, the Court is "deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders." 28 U.S.C. § 452; *see also* D. Del. Revised Standing Order ¶ 4 (April 17, 2020) ("Aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties."). The Marshal's unavailability should not thwart the effectiveness of process issued by the Court. As the existing plaintiffs explain in their motion to allow alternative service (D.I. 5), courts allow admiralty process to be served other than through the Marshal if circumstances warrant. Consistent with the Court's previous order in this action (D.I. 10), Calpam seeks leave to effect service of the attachment by transmitting it electronically to the Vessel's husbanding agent.

### CONCLUSION

For the foregoing reasons, Calpam respectfully requests that the Court authorize the filing of the Intervenor Complaint, the issuance of process of maritime attachment and garnishment, and the use of alternative service as set forth in the accompanying proposed order.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: May 22, 2020      By:   /s/ Michael B. McCauley (ID 2416)
                                1223 Foulk Road
                                Wilmington, DE 19803
                                (302) 478-7443
                                mccauley@pbh.com
                                Attorneys for Deutsche Calpam GmbH

Of Counsel:
Daniel H. Wooster
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
(215) 625-9900
dwooster@pbh.com