IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş<br>Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti,<br>    Plaintiffs,<br><br>vs.<br><br>M/V ARICA, IMO 9399741, its engines, tackle and apparel,<br>    Defendant in rem,<br><br>and<br><br>FS Arica, Ltd.,<br>    Defendant in personam,<br><br>and<br><br>The Master of the M/V ARICA,<br>    Garnishee.<br><br>Deutsche Calpam GmbH,<br>    Intervenor Plaintiff,<br><br>vs.<br><br>FS Arica, Ltd.,<br>    Defendant,<br><br>and<br><br>The Master of the M/V ARICA,<br>    Garnishee. | Case No. 1:20-cv-679-UNA |

**VERIFIED INTERVENOR COMPLAINT IN ADMIRALTY**

Deutsche Calpam GmbH ("Calpam"), by its attorneys Palmer Biezup & Henderson LLP, brings this Intervenor Complaint against FS Arica, Ltd. ("FS Arica") and alleges as follows:

1. This is a claim for breach of a maritime contract for the provision of fuel to an oceangoing cargo vessel and is therefore an admiralty and maritime claim under 28 U.S.C. § 1333(1). This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because Calpam seeks to attach property—namely the M/V ARICA, IMO 9399741, its engines, tackle and apparel (the "Vessel")—that is now within the District or will be within the District during the pendency of this action.

3. Calpam is a business entity duly organized and existing under the laws of Germany, with a registered office in Hamburg, Germany.

4. FS Arica is a business entity duly organized and existing under the laws of Liberia, with a registered office in Monrovia, Liberia.

5. FS Arica is the registered owner of the Vessel.

6. FS Arica has no known office, business presence, or agent for service of process in this District.

## COUNT I

## BREACH OF MARITIME CONTRACT

7. Pursuant to orders placed by the Vessel's managers acting on behalf of FS Arica as owner of the Vessel, Calpam sold to FS Arica a stem of 249.999 metric tons of fuel oil and a stem of 174.998 metric tons of marine gasoil for use on the Vessel.

8. Both stems were delivered to the Vessel at Kingston on April 20, 2020. True and correct copies of the delivery receipts are attached as Exhibit A.

9. On April 29, 2020, Calpam duly invoiced FS Arica for both stems. A true and correct copy of the invoice is attached as Exhibit B.

10. As set forth on the invoice, the total price for both stems was $151,573.85, and payment was due in full by May 19, 2020.

11. FS Arica has breached its contract with Calpam by failing to pay any part of the amount due under the contract.

12. Calpam has fully performed its obligations under the contract.

13. FS Arica owes Calpam no less than the total sales price of $151,573.85, plus interest at the rate of 10% per annum as specified on the invoice.

14. Upon information and belief and after investigation, Calpam submits that FS Arica cannot be "found" within this District for purposes of Fed. R. Civ. P. Supp. B(1)(a).

15. Upon information and belief, FS Arica now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District—including the Vessel—and Plaintiff is entitled to attach any and all such assets within the District pursuant to Fed. R. Civ. P. Supp. B, up to the amount of Calpam's claim.

16. For the purpose of obtaining *quasi in rem* jurisdiction, and to secure Calpam's claim, Calpam seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Fed. R. Civ. P. Supp. B so as to attach the Vessel and any other property of FS Arica that may be present in this District.

WHEREFORE, Calpam prays:

a.  That process in due form of law according to the practice of this Court issue against FS Arica, citing it to appear and answer under oath all and singular the matters alleged;

b. That all tangible or intangible property of FS Arica up to the amount of Calpam's claim be restrained and attached, including but not limited to the Vessel and any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and any other property of or debt belonging to, due to, or for the benefit of FS Arica, including but not limited to such assets as may be within the possession, custody, or control of any garnishees served with a copy of the Process of Maritime Attachment and Garnishment; and

c. That any garnishee served with Process of Maritime Attachment and Garnishment appear and answer in accordance with Fed. R. Civ. P. Supp. B(3); and

d. For such further relief as may be just and proper, including an award of costs and attorneys' fees.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Dated: May 22, 2020    By:   /s/ Michael B. McCauley (ID 2416)
                                                    1223 Foulk Road
                                                    Wilmington, DE 19803
                                                    (302) 478-7443
                                                    mccauley@pbh.com
                                                    Attorneys for Deutsche Calpam GmbH

Of Counsel:
Daniel H. Wooster
PALMER BIEZUP & HENDERSON LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
(215) 625-9900
dwooster@pbh.com

## VERIFICATION AND DECLARATION IN SUPPORT OF INTERVENOR COMPLAINT AND APPLICATION FOR MARITIME ATTACHMENT

I, Michael B. McCauley, declare as follows:

1. I am a partner with Palmer Biezup and Henderson LLP, attorneys for Deutsche Calpam GmbH ("Calpam") in this action.

2. I make this Verification and Declaration in support of Calpam's Verified Complaint and application for the issuance of Process of Maritime Attachment and Garnishment under Fed. R. Civ. P. Supp. B.

3. I have read the foregoing Verified Intervenor Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge, information, and belief.

4. The sources of my information and the grounds for my belief are communications, information, and documentation provided by Calpam and its German legal counsel.

5. The reason this Declaration is made by an attorney and not by Calpam is because Calpam is a foreign entity, none of whose officers are presently within this District.

6. The undersigned has made the following efforts on behalf of Calpam to find FS Arica, Ltd. within this District:

   a) Obtained information provided by Calpam through its German legal counsel;

   b) Conducted an on-line computer search for "FS Arica, Ltd." in the database maintained by the Delaware Department of State and found no record of any such entity registered or otherwise qualified to do business in the State of Delaware;

  c) Conducted an on-line Google search for "FS Arica, Ltd." and found that FS Arica, Ltd. appears to have a registered office in Monrovia, Liberia but no offices or business addresses in the State of Delaware; and

  d) Examined electronically available telephone directories covering this District and found no telephone listing for FS Arica, Ltd.

7. Based upon the results of the inquiries detailed above, to the best of my information and belief, FS Arica, Ltd is a foreign entity and cannot be found within this District within the meaning of Rule B.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 22nd day of May 2020.

        PALMER BIEZUP & HENDERSON LLP

        By: /s/ Michael B. McCauley (ID 2416)
           1223 Foulk Road
           Wilmington, DE 19803
           (302) 478-7443
           mccauley@pbh.com
           Attorneys for Deutsche Calpam GmbH