IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş <br><br> Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti, <br><br>    Plaintiffs, <br><br> vs. <br><br> M/V ARICA, IMO 9399741, its engines, tackle and apparel, et al., <br><br>    Defendant and Garnishee. <br><br> Network Shipping Ltd. <br><br>    Intervening Plaintiff, <br><br> v. <br><br> M/V ARICA, IMO 9399741, its engines, tackle and apparel, <br><br>    Defendant *in rem*, <br><br> and <br><br> FS Arica, Ltd., <br><br>    Defendant *in personam*, <br><br> and <br><br> The Master of the M/V ARICA, <br><br>    Garnishee. | CIVIL ACTION NO.: 20-679-UNA <br><br> IN ADMIRALTY, Rule 9(h) |

**VERIFIED COMPLAINT IN INTERVENTION WITH REQUEST
FOR ISSUANCE OF WARRANT OF ARREST AND
<u>WRIT OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Intervening Plaintiff Network Shipping Ltd. ("NSL") brings this Verified Complaint in

Intervention against the M/V ARICA, IMO 9399741, its engines, tackle and apparel, defendant

*in rem* ("Vessel") and FS Arica, defendant *in personam,* and against the Master of the Vessel *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims and pursuant to Supplemental Rule C for Certain Admiralty and Maritime Claims for NSL' claims *in rem* against the Vessel and states as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Vessel is located in this District, and the Vessel is defendant FS Arica's property, and the garnishee, within the meaning of Supplemental Rule B is located, can be found, and/or can be served with process in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. NSL is the former charterer of the Vessel, located in and organized under laws of Bermuda.

5. FS Arica is a company organized under laws of Liberia and is the owner of the Vessel, an ocean-going containerized vessel.

## Facts

6. FS Arica and NSL entered into a charter party for the Vessel, through which each party was to engage in certain performance, namely, FS Arica providing the Vessel in good order, and NSL using the Vessel for the carriage of cargo. FS Arica also was responsible for the payment for bunkers, when the Vessel was not engaged in carrying cargo or was engaging in repairs, as more fully detailed in the charter party.

7.      The Vessel was for a number of periods, unable to carry cargo or otherwise to proceed according to the Charter Party.  During those times, it consumed fuel which NSL had provided, and NSL incurred other expenses which were by the terms of the Charter Party, to the account of FS Arica.

8.      The Charter Party required that FS Arica refund / credit back the amounts of such expenses, to NSL, however, FS Arica has failed and refuses to make such refunds and has breached the Charter Party with NSL.

9.      Despite repeated demand, FS Arica has failed to pay NSL for the amounts due to NSL under the Charter Party, which NSL advanced or for which FS Arica should have credited to NSL, as detailed below.

### Count I – Breach of Maritime Contract

10.      NSL incorporates the above paragraphs as if fully set forth herein.

11.      FS Arica has breached its maritime contract with NSL as set out above.  NSL therefore demands judgment, as set out more fully below.

### Count II – Arrest of Vessel

12.      NSL incorporates the above paragraphs as if fully set forth herein.

13.      FS Arica has breached its maritime contract with NSL as set out above.  NSL therefore demands judgment, as set out more fully below.

### Count III – Maritime Lien *In Rem* Against the Vessel and Proceeds

14.      NSL incorporates the above paragraphs as if fully set forth herein.

15.      NSL as a consequence of breach of the Charter Party and maritime necessaries provided to the Vessel on the order of the Vessel's owner, FS Arica, holds maritime liens *in rem*

against the Vessel and proceeds. NSL therefore demands judgment against the Vessel and proceeds, as set out more fully below.

### Count IV: Maritime Attachment and Garnishment (Rule B)

16. NSL incorporates the above paragraphs as if fully set forth herein.

17. FS Arica has breached its maritime contracts with NSL as set out above. NSL therefore demands judgment, as set out more fully below.

18. NSL requests this Court pursuant to Supplemental Rule B to have its claims attach to amounts reached by the maritime garnishment and attachment writ, served on the Garnishee.

19. No security for the claims has been posted by FS Arica or anyone acting on its behalf to date.

20. FS Arica cannot be found within this District within the meaning of Rule B, but has during the pendency of this action, property and/or assets in this jurisdiction consisting of the Vessel, its bunkers, all property of FS Arica aboard the Vessel, and proceeds.

### Prayer for Relief

WHEREFORE, NSL prays:

A. That in response to Count I, this Court enter judgment against FS Arica for NSL in the amount of at last $280,000, and contractual interest plus further amounts for attorneys' fees of at least $50,000 ($330,000);

B. That in response to Count II, this Court order the issuance of a Warrant of Arrest for the Vessel;

C. That in response to Count III, that this Court order that NSL' *in rem* claims against the Vessel proceed against the Vessel, *in rem*, and that on judgment NSL' maritime lien

claims *in rem* be paid from the proceeds, in the amount of at least $280,000, and maritime prejudgment interest and costs;

   D. That in response to Count IV, since Defendant cannot be found within this District pursuant to Supplemental Rule B, that this Court order that the maritime attachment and garnishment claims of NSL pursuant to Rule B, continue on the amounts garnished and attached for at least the amount demanded herein to secure NSL' claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

   D. That this Court award NSL such other and further relief that this Court deems just and proper.

             YOUNG CONAWAY STARGATT & TAYLOR LLP

             */s/ Timothy Jay Houseal*
             Timothy Jay Houseal (Del. Bar ID No. 2880)
             Rodney Square
             1000 North King Street
             Wilmington, DE 19801
             (302) 571-6682
**OF COUNSEL**        thouseal@ycst.com

J. Stephen Simms       *Attorneys for Network Shipping Ltd.*
Simms Showers LLP
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Dated:  May 26, 2020

26550074.1

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to NSL.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of NSL made available to me by NSL. Authorized officers of NSL are not readily available in this District to make verifications on NSL' behalf. I am authorized to make this verification on NSL' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for FS Arica in this District.

        Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

        Executed on May 22, 2020.

        /s/ J. Stephen Simms
        J. Stephen Simms
        Simms Showers LLP
        201 International Circle
        Baltimore, Maryland 21030
        Tel: 410-783-5795
        Email: jssimms@simmsshowers.com