IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş<br><br>Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti,<br><br>    PlaintiffS,<br><br>vs.<br><br>M/V ARICA, IMO 9399741, its engines, tackle and apparel,<br><br>    Defendant *in rem*,<br><br>and<br><br>FS Arica, Ltd.,<br><br>    Defendant *in personam*,<br><br>and<br><br>The Master of the M/V ARICA,<br><br>    Garnishee. | CIVIL ACTION NO.: 20-679-RGA<br><br>IN ADMIRALTY, Rule 9(h) |

**ATLAS' UNOPPOSED MOTION AND MEMORANDUM FOR
INTERLOCUTORY SALE OF THE M/V ARICA, *IN REM*
AND TO SET INTERVENTION DEADLINE**

This Court now should grant plaintiffs' Atlas' motion for interlocutory sale of the vessel M/V ARICA ("Vessel") pursuant to Supplemental Federal Admiralty Rule E(9)(b).

Plaintiffs Atlas arrested and attached the Vessel on May 20, 2020. There has been no claim to the Vessel filed. Any owners/claimants are in default. No one has appeared attempting to provide security for the Vessel's release, or to claim the Vessel.

Atlas, by counsel, has contacted each intervenor appearing in this action, and none opposes this motion for interlocutory sale.

The Vessel remains in the custody the Vessel's master, at anchorage in the Delaware Bay, off of Milford.

With no claim to the Vessel as Supplemental Rule C provides, there is no reason for the Vessel and crew to continue to remain stranded at anchorage, accruing custodial expense and subject to deterioration and loss.  The Vessel now should be sold at U.S. Marshal's auction prior to the accrual of further, substantial custodial expense for crew wages and provisions, and fuel.

Most importantly, the Vessel's crew are stranded aboard the Vessel, their presence required for Coast Guard regulation and other safety, and to safeguard the Vessel.  This Court should provide for sale of the Vessel, so that the present crew if they desire may return home to their families and be relieved by substitute crew, employed by the Vessel's new owner, purchasing the Vessel at the U.S. Marshal's auction.

The present situation meets the requirements of Supplemental Rule Rule E (9)(b) :

> on application of a party the court may order all or part of the property sold-with the sale proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court-if: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing the release of the property.

*See Silver Star Enterprises, Inc. v. M/V SARMACCA*, 19 F.3d 1008, 1014 (5th Cir.1994).

By definition, the Vessel is perishable: ships sink.  There also is an unreasonable delay in securing the Vessel's release: the time to claim the Vessel has passed, under the strict requirements of Supplemental Rule C.

On this Court's grant of this motion, Atlas will make the necessary arrangements with the U.S. Marshal's Service to schedule a date for the sale.

Plaintiff proposes to advertise the sale over a 10 day period, and to set a minimum sale price of **$1,163.250.88,** 200% of the total claims asserted against the Vessel, which will provide

for payment of interest, contractual attorneys fees and any *custodia legis* expenses. Those claims are:

| | |
|---|---|
| Atlas plaintiffs: | $100,051.59 |
| Network Shipping: | $330,000 |
| Deutsche Calpam GmbH: | $151,573.85 |
| Total: | $581,625.44 |
| 200% | **$1,163.250.88** |

Proceeds from the Vessel's interlocutory sale by the United States Marshal will be deposited into this Court's registry, in substitute for the Vessel *in rem*.

Conditions for selling the Vessel have been satisfied, this Court therefore should order sale of the Vessel by the United States Marshal after notice of sale.

### This Court Should Set an Intervention Deadline

There have been a number of intervenors in this action, each of which are responsible for sharing any *custodia legis* costs of keeping the Vessel under arrest. This Court should set a time for any further interventions, so that, on sale of the Vessel, the proceeds promptly will be disbursed to intervenors. This Court therefore should set an intervention deadline of 14 days after this Court's grant of this motion for the Vessel's sale.

Atlas herewith files a draft order and respectfully requests this Court to grant this motion.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Timothy Jay Houseal*

Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801

          (302) 571-6682
          thouseal@ycst.com

**ADMITTED *PRO HAC VICE***

| | |
|---|---|
| J. Stephen Simms | *Attorneys for Atlas Uluslararasi Kumanyacılık tic A.Ş* |
| Simms Showers LLP | *and Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti* |

201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Dated: June 12, 2020

- 4 -