IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş | § | |
| | § | |
| Atlas Gemi Vanalari ve Ekipmanlari Tic Ltd Sti, | § | |
| | § | CIVIL ACTION NO.: 20-679-RGA |
| Plaintiffs, | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| vs. | § | |
| | § | |
| M/V ARICA, IMO 9399741, its engines, tackle and apparel, | § | |
| | § | |
| | § | |
| Defendant *in rem*, | § | |
| | § | |
| and | § | |
| | § | |
| FS Arica, Ltd., | § | |
| | § | |
| Defendant *in personam*, | § | |
| | § | |
| and | § | |
| | § | |
| The Master of the M/V ARICA, | § | |
| | § | |
| Garnishee. | § | |
| | § | |

**ORDER FOR
INTERLOCUTORY SALE OF THE M/V ARICA, *IN REM*
<u>AND INTERVENTION DEADLINE</u>**

Before the Court is Plaintiffs  Atlas Uluslararasi Kumanyacılık tic A.Ş and Atlas Gemi

Vanalari ve Ekipmanlari Tic Ltd Sti (collectively, "Atlas") unopposed motion for interlocutory

sale of the vessel M/V ARICA.

This Court GRANTS the motion and HEREBY ORDERS, ADJUDGES AND

DECREES that:

1. Pursuant to Supplemental Admiralty Rule E(9)(a)(i), that the Vessel, its engines, freights, apparel, appurtenances, tackle, etc. ("Vessel") shall be sold, as is, where is, by the United States Marshals Service ("Marshals Service") to the high bidder, free and clear of all liens, claims, mortgages, and encumbrances; and it is

2. FURTHER ORDERED that said sale of the vessel shall be conducted at a time and date, not 10:00 a.m. on a weekday during which regular Court business is conducted.

3. FURTHER ORDERED that sale of the vessel shall be for a minimum bid of no less than $**$1,163.250.88** and minimum bid increments of $10,000.00. Prospective bidders shall deposit with the United States Marshals Service an earnest money deposit of $125,000.00 at or before the time of sale. Said earnest money deposit shall be in the form of a bank check or in the form of funds held in a trust account maintained by an attorney in good standing and admitted to the bar of this Court, who shall certify funds so held in trust; and it is

4. FURTHER ORDERED that Atlas may engage a broker to promote the Vessel sale, which broker shall be entitled to a commission equal to two (2%) percent of the confirmed sales price. Broker shall use its best efforts to advertise, market, and promote the sale. The Broker shall consult with the Marshals Service and with counsel for the parties with regard to any proposed advertising in trade publications or similar. The cost of any such advertising shall be an *custodia legis* expense; and it is

5. FURTHER ORDERED that Atlas shall advertise the sale in Wilmington News Journal, which is designated as a paper of general circulation in this District, at least once not less than 10 days prior to the date of the Vessel sale, and the cost of such advertising shall be an *custodia legis* expense. The parties may, at their own expense, promote or advertise the sale in other ways, publication, and/or media; and it is

6. FURTHER ORDERED that the sale shall be held in the first floor lobby of the United States District Court, 844 N King St, Wilmington, DE 19801 but to allow for Covid-19 restrictions, bidders may attend the sale by remote means as determined by Atlas and or any Broker, and the United States Marshal. Atlas and or any Broker and the Marshals Service shall work together to arrange preregistration of bidders, auction arrangements, and sale rules. Broker and the Marshals Service shall accept sealed bids in writing before the sale, accept in person bids at the United States District Court, and accept on-line bids; and it is

7. FURTHER ORDERED that the earnest money deposit, if a bank check, shall be paid to the United States Marshals Service at the time the high bid is accepted. If the earnest money deposit for the high bid is in an attorney's trust account, the attorney shall transfer same to the Marshals Service as soon as possible, but no later than 4:45 pm Eastern Standard Time on the first business day following the Vessel sale. When received, the United States Marshals Service shall deposit the earnest money into the registry of the Court; and it is

8. FURTHER ORDERED that the remaining balance of the purchase price shall be paid to the United States Marshals Service by cash, bank check, or wire transfer on or before the 4:45 p.m. on the first business day following the Vessel sale, and the United States Marshals Service shall deposit the balance of the purchase price into the registry of the Court; and it is

9. FURTHER ORDERED that after the sale the United States Marshals Service shall forthwith file a return with the Clerk of this Court; and it is

10. FURTHER ORDERED that if the successful bidder does not pay the balance of the purchase price when required, said bidder shall be in default and the defaulting bidder's earnest money deposit shall be forfeited and applied to any additional costs incurred by the

United States Marshals Service because of the default. The balance of the earnest money deposit shall be retained in the registry of the Court, pending further Order of this Court; and it is

11.     FURTHER ORDERED that any party or interested person may object to the sale on or before the second business day following the Vessel Sale by (a) filing a written objection with the Court, by (b) serving a copy of the objection upon counsel for all parties in this action, upon the successful bidder, and upon the Marshals Service, and by (c) paying the Marshals Service an amount determined by the Marshals Service as sufficient to pay the expenses of keeping the Vessel for at least 14 days; and it is

12.     FURTHER ORDERED that this Court will set an expedited hearing to consider any objection to the sale.  If no objection is filed and/or no payment is made to the Marshals Service to pay the expenses of keeping the vessel for at least 14 days, the Court may enter its Order Confirming Sale without a hearing; and it is

13.     FURTHER ORDERED that the plaintiffs, by counsel, shall consult with the United States Marshal to determine a sale date for the Vessel; and it is

14.     FURTHER ORDERED  that any further interventions to claim against the Vessel pursuant to Supplemental Rule C, or Vessel Owner pursuant to Supplemental Rule B, or any further interventions of any type, shall be filed with the Court not later than 14 days after the date of this Order.

DONE AND ORDERED this __22__ day of June, 2020.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE