IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Atlas Uluslararasi Kumanyacılık tic A.Ş et al.** | § § § | |
| Plaintiffs/Intervening Plaintiffs, | § § | CIVIL ACTION NO.: 20-679-RGA |
| vs. | § § | IN ADMIRALTY, Rule 9(h) |
| **M/V ARICA, IMO 9399741, its engines, tackle and apparel et al.** | § § § § | |
| Defendants. | § § | |

**VERIFIED COMPLAINT IN INTERVENTION
BY BANK OF AMERICA MERRILL LYNCH INTERNATIONAL D.A.C.**

Intervening Plaintiff Bank of America Merrill Lynch International D.A.C. ("BAML") files this Verified Complaint in Intervention pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and shows the following:

**I.      JURISDICTION, VENUE, AND PARTIES**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c), and venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. At all material times, BAML was and is a designated activity company registered under the laws of Ireland, and having its registered office at Two Park Place, Hatch Street, Dublin 2, Ireland.

4. The M/V ARICA, IMO 9399741 (the "**Vessel**"), is a vessel registered under the laws and flag of the Republic of Liberia, is presently under arrest in this District, and is within the jurisdiction of this Honorable Court.

## II.     RELEVANT FACTS

5. On February 25, 2016, Norddeutsche Landesbank Girozentrale, as lender, facility agent, security agent and hedging counterparty ("**NordLB**") and FS Arica Limited, FS Algarrobo Limited, FS Andino Limited, FS Austral Limited and FS Andes Limited, as joint and several borrowers (collectively, the "**Borrowers**") entered into a Loan Agreement (the "**Original Loan Agreement**") pursuant to which NordLB made available to the Borrowers a term loan facility of originally up to US$ 92,100,000.00 (the "**Loan**") for the financing of the purchase and operation of the Vessel and the M/Vs ALGARROBO, ANDINO, AUSTRAL and ANDES under the terms and conditions set out in the Original Loan Agreement.

6. On May 30, 2016, Nord LB, as hedging counterparty, and the Borrowers, as joint and several borrowers, entered into a Hedging Agreement (the "**Hedging Agreement**") pursuant to which they entered into certain derivative transactions relating to the Loan. A true and complete copy of the Hedging Agreement is attached as **Exhibit A** hereto.

7. On July 12, 2016, FS Arica Limited ("**FS Arica**"), as owner of the Vessel and mortgagor, executed a First Preferred Liberian Mortgage (the "**Mortgage**") in favor of NordLB, as security trustee and mortgagee, covering the Vessel and securing the Original Loan Agreement in a total amount of US$ 97,000,000.00 (of which US$ 92,100,000.00 was attributable to the Loan, and US$ 4,900,000.00 was attributable to the hedging liability under the Hedging Agreement) plus interest, expenses, fees and performance of mortgage covenants. A true and complete copy of the Mortgage is attached as **Exhibit B** hereto.

8. Also on July 12, 2016, at 04:37 A.M., E.D.S.T., the Mortgage was recorded in the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia in New York in Book PM 68 at page 595.

9. On August 24, 2017, NordLB and the Borrowers entered into a Deed of Amendment and Restatement (the "**Deed of Amendment and Restatement**") pursuant to which the Original Loan Agreement was amended and restated in its entirety (as so amended and restated, the "**Amended Loan Agreement**"). Among other changes, the Deed of Amendment and Restatement reduced the total amount of the Loan to up to US$ 49,887,500.00. A true and complete copy of the Deed of Amendment and Restatement is attached as **Exhibit C** hereto.

10. On August 30, 2017, FS Arica, as owner of the Vessel, executed an Addendum No. 1 to the Mortgage (the "**Mortgage Addendum**"), pursuant to which, among other revisions, the amount secured by the Mortgage was reduced to US$ 51,000,000.00 (of which US$ 46,100,000.00 was attributable to the Loan, and US$ 4,900,000.00 was attributable to the hedging liability under the Hedging Agreement) plus interest, expenses, fees and performance of mortgage covenants. A true and complete copy of the Mortgage Addendum is attached as **Exhibit D** hereto.

11. Also on August 30, 2017, at 05:30 A.M., E.D.S.T., the Mortgage Addendum was recorded in the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia in New York in Book PM 69 at page 863.

12. On February 20, 2020, NordLB and the Borrowers entered into an Addendum No. 1 to the Amended Loan Agreement ("**Addendum No. 1**"). A true and complete copy of Addendum No. 1 is attached as **Exhibit E** hereto.

13. On March 2, 2020, NordLB, as assignor and existing lender, and BAML, as assignee and successor lender, entered into an Assignment and Assumption Agreement (the

"**Assignment Agreement**") pursuant to which NordLB assigned to BAML, and BAML assumed, all rights and obligations of the lender under the Amended Loan Agreement. A true and complete copy of the Assignment Agreement is attached as **Exhibit F** hereto.

14. Also on March 2, 2020, NordLB gave notice of the Assignment Agreement to the Lenders (the "**Notice of Assignment**"). A true and complete copy of the Notice of Assignment is attached as **Exhibit G** hereto.

15. On April 14, 2020, the Borrowers failed to make certain payments of "Senior Tranche Repayment Installments" and interest due on such date in respect of "Senior Tranche 2" and "Senior Tranche 4" under the Amended Loan Agreement.

16. On April 17, 2020, NordLB sent a Notice of Default to the Borrowers (the "**Notice of Default**"), which notified the Borrowers that, *inter alia*, such failure to pay "Senior Tranche Repayment Installments" and interest due constitutes an "Event of Default" under Section 13.1.1 of the Amended Loan Agreement. A true and complete copy of the Notice of Default is attached as **Exhibit H** hereto.

17. On June 23, 2020, NordLB, as assignor, existing facility agent, existing security agent and existing hedging counterparty, and BAML, as assignee, successor facility agent, and successor security agent, entered an Addendum No. 2 to the Amended Loan Agreement ("**Addendum No. 2**"), pursuant to which NordLB assigned to BAML, and BAML assumed, all rights and obligations of the facility agent and security agent under the Amended Loan Agreement. A true and complete copy of Addendum No. 2 is attached as **Exhibit I** hereto.

18. Also on June 23, 2020, NordLB, as assignor, existing mortgagee and existing security trustee, and BAML, as assignee, successor mortgagee and successor security trustee, entered into an Assignment of First Preferred Liberian Mortgage (the "**Mortgage Assignment**"),

pursuant to which NordLB assigned to BAML, and BAML assumed, all rights and obligations of the mortgagee and security trustee under the Mortgage as amended by the Mortgage Addendum. A true and complete copy of the Mortgage Assignment is attached as **Exhibit J** hereto.

19. Also on June 23, 2020, at 07:33 A.M., E.D.S.T., the Mortgage Assignment was recorded in the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia in New York in Book PM 72 at page 625.

20. Also on June 23, 2020, at 10:33 A.M., E.D.S.T., the Authority of the Government of the Republic of Liberia in New York issued a certificate of ownership and encumbrance of the Vessel (the "**Certificate of Ownership and Encumbrance**"), showing that, *inter alia*, FS Arica is the sole owner, and the Mortgage, the Mortgage Addendum and the Mortgage Assignment were recorded as set forth in paragraphs 8, 11 and 19. A true and complete copy of the Certificate of Ownership and Encumbrance is attached as **Exhibit K** hereto.

21. On June 29, 2020, BAML and the Borrowers entered into an Addendum No. 3 to the Amended Loan Agreement ("**Addendum No. 3**"). A true and complete copy of Addendum No. 3 is attached as **Exhibit L** hereto.

22. On June 29, 2020, BAML served a notice of acceleration to the Borrowers (the "**Notice of Acceleration**"), notifying the Borrowers of the Events of Default that have occurred and were continuing as at that date, accelerating the Amended Loan Agreement, notifying the Borrower that all sums due thereunder (including all accrued interest and all other amounts accrued or owing under the "Finance Documents," as defined in the Amended Loan Agreement) fell immediately due and payable and demanded payment thereof. A true and complete copy of the Notice of Acceleration is attached as **Exhibit M** hereto.

23. Despite the Notice of Default and the Notice of Acceleration, FS Arica and the other Borrowers have failed to pay the amounts due and owing to BAML under the Amended Loan Agreement, Addendum No. 1, Addendum No. 2, Addendum No. 3, the Assignment Agreement, the Mortgage, the Mortgage Addendum and the Mortgage Assignment. Consequently, FS Arica is currently in default.

24. As of June 29, 2020, US$ 38,692,675.58 was due and owing under the Amended Loan Agreement, Addendum No. 1, Addendum No. 2, Addendum No. 3, the Assignment Agreement, the Mortgage, the Mortgage Addendum and the Mortgage Assignment, consisting of US$ 38,178,164.42 of unpaid principal and US$ 366,532.13 of interest due under the Loan.

### III. FORECLOSURE OF PREFERRED SHIP MORTGAGE

25. BAML sues the Vessel, its engines, tackle, auxiliary vessels, equipment, furniture, rigging, appurtenances, etc., *in rem* and repeats and re-alleges by reference the allegations contained in paragraphs 1–24 as if specifically set forth herein.

26. The Loan is secured by the Mortgage which, as amended by the Mortgage Addendum, and as assigned by the Mortgage Assignment, names BAML as the mortgagee and security trustee.

27. The Mortgage, the Mortgage Addendum and the Mortgage Assignment were each duly and validly executed and recorded on the dates respectively set forth in paragraphs 7, 8, 10, 11, 18 and 19.

28. FS Arica has failed to perform its obligation, as Borrower, mortgagor and owner of the Vessel, to pay certain amounts due and owing to BAML under the Amended Loan Agreement, as amended and assigned, and the Mortgage, as amended and assigned, and is therefore in default under the Loan.

29.     As a result of the aforesaid default, BAML is entitled to assert and foreclose its preferred mortgage lien on the Vessel.

30.     Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the Mortgage as a preferred ship mortgage within the meaning of 46 U.S.C. § 31301 *et seq.*

## IV.     PRAYER

WHEREFORE, Intervening Plaintiff BAML prays:

That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessel and its engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, its engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees and to pay any other amounts advanced by BAML or required to be paid by FS Arica to BAML under the Amended Loan Agreement, as amended and assigned, the Mortgage, as amended and assigned, and any other agreements related thereto, together with interest, costs and attorneys' fees, and that BAML may have such other and further relief as in law and justice it may be entitled to receive;

That the Mortgage executed by FS Arica, as amended and assigned, be declared to be a valid and subsisting lien upon the Vessel, its engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable

law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

That judgment be issued against the Vessel, *in rem*, in the full amount due under the Amended Loan Agreement, as amended and assigned, the Mortgage, as amended and assigned, and any other agreements related thereto at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by FS Arica to BAML under the Amended Loan Agreement, as amended and assigned, the Mortgage, as amended and assigned, and any other agreements related thereto, with interest and costs, and further, that BAML reserves its right to proceed against FA Arica, the other Borrowers, and any other party to the Amended Loan Agreement or any guaranty for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein, and that BAML have such other and further relief as in law and justice it may be entitled to recover.

| | |
|---|---|
| Dated: July 6, 2020 | Respectfully submitted, |
| | REED SMITH LLP |
| OF COUNSEL: | |
| | */s/ Brian M. Rostocki* |
| Jane Freeberg Sarma | Brian M. Rostocki (No. 4599) |
| Alice D. Colarossi | 1201 North Market Street, Suite 1500 |
| Reed Smith LLP | Wilmington, DE 19801 |
| 599 Lexington Avenue, 22nd Floor | Telephone: (302) 778-7561 |
| New York, NY 10022 | E-mail: brostocki@reedsmith.com |
| Telephone: (212) 521-5400 | |
| Facsimile: (212) 521-5450 | *Counsel for Intervening Plaintiff Bank of* |
| E-mail: jsarma@reedsmith.com | *America Merrill Lynch International D.A.C.* |
| E-mail: acolarossi@reedsmith.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Atlas Uluslararasi Kumanyacılık tic A.Ş et al. | § § § | |
| Plaintiffs/Intervening Plaintiffs, | § § | CIVIL ACTION NO.: 20-679-RGA |
| vs. | § § | IN ADMIRALTY, Rule 9(h) |
| M/V ARICA, IMO 9399741, its engines, tackle and apparel et al. | § § § | |
| Defendants. | § | |

### VERIFICATION OF COMPLAINT IN INTERVENTION BY BANK OF AMERICA MERRILL LYNCH INTERNATIONAL D.A.C.

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Michail Zekyrgias. I am over the age of 21, of sound mind, and have never been convicted of a felony. I am a Managing Director of Bank of America Merrill Lynch International D.A.C. ("BAML"), and am authorized to make this verification on BAML's behalf.

2. I have read the foregoing Complaint in Intervention and know the contents thereof.

3. Based upon my own personal knowledge and upon documents and correspondence kept in the ordinary course of business, the information contained therein is true and correct.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __1st__ day of __July__, 2020.

_____
Name: Michail Zekyrgias
Title: Managing Director